UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROB LEVINE & ASSOCIATES LTD., et al., <br> Plaintiffs, <br><br> v. <br><br> TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br> Defendant. | C.A. No. 13-560-M |

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

The issue presented in this case is whether lawyers sued by clients who allege a count for deceptive advertising are entitled to be defended by their insurer under a policy that excludes claims "related to the rendering of, or failure to render, professional services." Because the claim is not related to the rendering of professional services, the exclusion does not apply and the insurer has the duty to defend.

I.   BACKGROUND

Plaintiffs are a law firm and two of its attorneys, Robert Levine and Benjamin Pushner (collectively, "Levine & Associates"). Levine & Associates advertise their services extensively on television and the internet. They use the tag line "Call A Heavy Hitter® Today!" Phyllis Stafford and Lynn Di Cristofaro, two Levine & Associates clients, filed a complaint in Rhode Island Superior Court against Mr. Levine and Mr. Pushner (the "Stafford Complaint").[1] (ECF No. 1-4.) The third count of the Stafford Complaint alleges a class action for "Deceptive Trade Practice" under R.I. Gen. Laws § 6-13.1-5.2. *Id.* at 11-12.

---

[1] *Stafford v. Levine*, R.I. Superior Court P.C. No. 12-5913.

Travelers Casualty and Surety Company of America ("Travelers") issued a liability insurance policy, to Rob Levine & Associates that provided Directors and Officers Liability, among other things ("D&O Policy"). (ECF No. 10 at ¶ 2; ECF No. 10-1 at 14-15.) The D&O Policy excludes the following from coverage: "Loss for any Claim based upon or arising out of any Wrongful Act related to the rendering of, or failure to render, professional services" (the "Legal Services Exclusion"). (ECF No. 10 at ¶ 8; ECF No. 10-1 at 35.) After receiving notice from Levine & Associates regarding the Stafford Complaint, Travelers denied coverage, citing on this policy exclusion. (ECF No. 10 at ¶¶ 5-8.)

Levine & Associates filed this action[2] seeking, inter alia, a declaratory judgment that they are entitled to coverage, including defense and indemnification, in connection with count three of the Stafford Complaint. (ECF No. 1-1.) This matter is before the Court on cross-motions for summary judgment: both parties seek summary judgment on the declaratory judgment claim, count one.[3] (ECF Nos. 11, 13.)

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure directs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When evaluating "cross-motions for summary judgment, the standard does not change; [courts] view each motion separately and draw all reasonable inferences in favor of the respective non-moving party." *Bonneau v. Plumbers & Pipefitters Local Union 51 Pension Trust Fund ex rel. Bolton*, 736 F.3d 33, 36 (1st Cir. 2013) (quoting *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89

---

[2] The Plaintiffs filed the case in state court but Travelers removed it here based on diversity of citizenship. (ECF No. 1.)
[3] Count II alleges a breach of contract and Count III seeks attorney fees pursuant to R.I. Gen. Laws § 9-1-45.

2

(1st Cir. 2013)). This case is before the Court pursuant to diversity jurisdiction, and the substantive law of the State of Rhode Island applies. *Rosciti v. Ins. Co. of Penn.*, 659 F.3d 92, 96 (1st Cir. 2011).

## III. DISCUSSION

### A. Legal Standard

Rhode Island courts interpret insurance policies by "applying the rules for construction of written instruments." *Allstate Ins. Co. v. Russo*, 641 A.2d 1304, 1306 (R.I. 1994); *see also Derderian v. Essex Ins. Co.*, 44 A.3d 122, 127 (R.I. 2012) (insurance policy terms interpreted in accordance with rules of construction governing contracts). "Contract interpretation presents, in the first instance, a question of law, and is therefore the court's responsibility." *Fashion House, Inc. v. K mart Corp.*, 892 F.2d 1076, 1083 (1st Cir. 1989). "When a contract is unambiguous, [courts] review its terms in a *de novo* manner." *Papudesu v. Med. Malpractice Joint Underwriting Ass'n of Rhode Island*, 18 A.3d 495, 498 (R.I. 2011). In determining "'whether a contract is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning.'" *Garden City Treatment Ctr., Inc. v. Coordinated Health Partners, Inc.*, 852 A.2d 535, 542 (R.I. 2004) (quoting *Rubery v. Downing Corp.*, 760 A.2d 945, 947 (R.I. 2000)). When no ambiguity exists in the terms of an agreement, "judicial construction is at an end for the terms will be applied as written." *Monahan v. Girourard*, 911 A.2d 666, 672 (R.I. 2006) (quoting *Rivera v. Gagnon*, 847 A.2d 280, 284 (R.I. 2004)).

To determine if an insurance contract imposes a duty to defend, Rhode Island courts apply the "pleading test." *See Derderian*, 44 A.3d at 127. "That test requires the trial court to look at the allegations contained in the complaint, and if the pleadings recite facts bringing the

injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff."[4] *Id.* (internal quotations marks and citation omitted). The Rhode Island Supreme Court has explained that "when a complaint contains a statement of facts which bring the case within or potentially within the risk coverage of the policy, the insurer has an unequivocal duty to defend." *Employers' Fire Ins. Co. v. Beals*, 240 A.2d 397, 403 (R.I. 1968) (rev'd on other grounds). A judge in this district deemed this standard the "potential-for-coverage standard" and noted that the R.I. Supreme Court has consistently applied it "in duty-to-defend cases" since 1968. *Emhart Indus., Inc. v. Home Ins. Co.*, 515 F.Supp.2d 228, 236 (D.R.I. 2007) (Smith, J.).

When an exclusion in an insurance policy is at issue, the analysis typically follows two steps. First, the insured "bears the burden of proving a prima facie case, including but not limited to the existence and validity of a policy, the loss as within the policy coverage, and the insurer's refusal to make payments as required by the terms of the policy." *Gen. Acc. Ins. Co. of Am. v. Am. Nat. Fireproofing, Inc.*, 716 A.2d 751, 757 (R.I. 1998). "[A]ny doubts as to the adequacy of the pleadings to encompass an occurrence within the scope of the policy must be resolved in the insured's favor." *Allstate*, 641 A.2d at 1306 (citing *Beals*, 240 A.2d at 403). And second, if the insured sustains its initial burden, "[t]he insurer then bears the burden of proving the applicability of policy exclusions . . . ." *Gen. Acc.*, 716 A.2d at 757.

---

[4] In the Stratford Complaint, the attorneys moved to dismiss the "Deceptive Trade Practice Class Action" count on the basis that such claims are exempt under R.I. Gen. Laws § 6-13.1-4 because attorney advertising is otherwise regulated. 2013 R.I. Super. LEXIS 12, at *1-2 (R.I. Super. July 2, 2013). The R.I. Superior Court determined that attorneys are licensed and regulated by another statute, R.I. Gen. Laws § 8-1-2, and therefore dismissed the "Deceptive Trade Practice Class Action" count. *Id.*

B.   **Application**

The parties have narrowed the Court's work by submitting a joint statement of undisputed facts (ECF No. 10) and limiting argument to whether Levine & Associates is entitled to defense in connection with the third count of the Stafford Complaint. The parties further focused their briefing on whether Travelers need not defend because this count is within the purview of the Legal Services Exclusion.

Applying the legal principles set forth above, the Court examines the allegations in the third count of the Stafford Complaint, captioned "Deceptive Trade Practice Class Action." (ECF No. 1-4 at 11.) Count three's allegations include the following: "[t]he Defendants deceptively advertise[] in all media in Rhode Island"; and "[t]he Defendants gave the false impression to Plaintiffs and presently give the false impression to future clients that [they] have special expertise in personal injury cases and disability cases and will recover more money than other Rhode Island lawyers." *Id.* at 12.

The parties assume, and the Court agrees, that Levine & Associates have met their initial burden to prove a prima facie case.[5] *See Gen. Acc.*, 716 A.2d at 757. The contested question is whether Travelers has met its burden to demonstrate that the Legal Practices Exclusion precludes its duty to defend. *Id.* The Legal Practices Exclusion states that "[t]he Company will not be liable for Loss for any Claim based upon or arising out of any Wrongful Act related to the rendering of, or failure to render, professional services." (ECF No. 10-1 at 35.)

Travelers first directs the Court's attention to the phrase "arising out of," a phrase that Rhode Island courts have interpreted broadly. (ECF No. 14 at 12.) Travelers references a R.I. Supreme Court case explaining that this phrase means "flowing from" or "having its origin in."

---

[5] A January 3, 2013 letter from Travelers states that the Stafford Complaint "constitutes a Claim under the Policy...." (ECF No. 10-4 at 3.)

5

*Id.* (quoting *Am. Commerce Ins. Co. v. Porto*, 811 A.2d 1185, 1194 (R.I. 2002)). Travelers next focuses on the phrase "professional services," asserting that it is broadly interpreted by courts in other jurisdictions. (ECF No. 14 at 13-14.) Based on its interpretation of these two phrases,[6] Travelers avers that the Legal Practices Exclusion "clearly and unambiguously excludes coverage for claims arising out [of] any wrongful act related to the rendering of or failure to render professional services." *Id.* at 14. Travelers makes two additional arguments why the Legal Practices Exclusion applies: the Stafford Complaint's allegations of false and deceptive advertising are "inextricably intertwined with the rendering of professional services"; and the alleged false and deceptive advertising cannot constitute a Wrongful Act under the Legal Practices Exclusion unless Levine & Associates was hired by a claimant and then failed to provide services at the level advertised. *Id.* at 15-19.

Levine & Associates counter that the Legal Practices Exclusion does not apply. (ECF No. 12 at 7-11.) They initially focus the Court's attention on the phrase "related to the rendering of . . . professional services." *Id.* at 8-9. Levine & Associates assert that count three of the Stafford Complaint involves allegations of misleading statements that are "related to <u>advertising</u>, not the actual rendering of legal services." *Id.* at 8. Levine & Associates explain that the "plain, ordinary, and usual meaning" of the phrase "related to the rendering of, or failure to render, professional services," within the context of the D&O Policy, means "the actual performance of acts incident to particular professional services[,] [f]or example, . . . gathering medical records, negotiation of a settlement, filing complaints, and preparing discovery responses." *Id.* at 8-9. According to Levine & Associates, the Wrongful Act was the "act of making misleading statements in advertisements" (*Id.* at 8) not the rendering of legal services.

---

[6] Travelers ignores the phrase "rendering of legal services" seemingly ignoring the fact that the exclusion only applies to the *"rendering"* of legal services.

The Court looks to the plain and ordinary language of the Legal Services Exclusion: "arising out of any Wrongful Act related to the rendering of, or failure to render, professional services." (ECF No. 10-1 at 35.) The plain meaning of the word "render" is "to do; perform: to render a service"; "to do (a service) for another." *See Random House Dictionary of the English Language* 1631 (2d. ed., unabridged 1987); Merriam-Webster Collegiate Dictionary 1054 (11th ed. 2003). The plain and ordinary language in the Legal Services Exclusion therefore eliminates from coverage only conduct that relates to Levine & Associates providing legal services.

Count three of the Stafford Complaint alleges that Levine & Associates deceptively advertise in Rhode Island media, having given false impressions about their services not only to the plaintiffs in the Stafford Complaint but also to future clients. (ECF No. 1-4 at 12.) This claim against Levine & Associates is about advertising, not about the provision of legal services: the advertisements were made to the general public before legal services are performed to market services. The advertisements are alleged to have given false impressions to the Stafford Complaint plaintiffs as well as other future clients. Applying the Legal Practices Exclusion to this alleged deceptive advertising would ignore the meaning of the word "rendering." The Court therefore finds that Travelers has not met its burden to show that the Legal Services Exclusion applies to the deceptive trade practice count in the Stafford Complaint. The Court comes to this conclusion mindful of the legal mandate that any doubts must be resolved in favor of the insured and the burden of proving the exclusions is on the insurer.

If the Court were to adopt the expansive reading of the Legal Practices Exclusion advocated by Travelers, then *any* conduct by Levine & Associations would be excluded from coverage since Levine & Associates' business is "related to the rendering of . . . professional services." If this were the case, then the D&O Policy would be meaningless and provide no

coverage.[7] The Court will not construe the contract to create such an absurd result. *See Dubis v. E. Greenwich Fire Dist.*, 754 A.2d 98, 101 (R.I. 2000) (declining to construe unambiguous contract to "produce an absurd result").

IV. CONCLUSION

Because the Stafford Complaint's third count alleges deceptive advertising, not wrongful acts in rendering professional services, the Legal Services Exclusion does not apply. Therefore, Plaintiffs' Motion for Partial Summary Judgment as to Count I of Their Complaint (ECF No. 11) is GRANTED: the Court finds that the Legal Services Exclusion does not preclude coverage for the third count of the Stafford Complaint and Travelers has a duty to defend.[8] Defendant's Motion for Summary Judgment (ECF No. 13) is DENIED.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge

February 3, 2014

---

[7] What seems clear from the plain language of the exclusion is that it was meant to exclude claims commonly referred to as malpractice claims, as opposed to claims arising from the business side of running a legal business. The policy in question here was a Directors and Officers' policy, not a legal malpractice policy.

[8] The question of a duty to indemnify is moot because the R.I. Superior Court dismissed the Deceptive Trade Practices Act claim. (*See supra* 4 n.4).